## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is entered into effective as of the _____ day of May, 2017, by and between Vincent Napoli, Unha Sin, and Unjen Sin (collectively, "Relators"), individually, and on behalf of the United States of America and the State of Florida, and Premier Hospitalists, PL ("Premier"), Primed Billing, LLC ("Primed"), and Manish Sharma, DO ("Sharma") (collectively, "Defendants").

## RECITALS

A. On or about 2015, Vincent Napoli, Unha Sin, and Unjen Sin, individually, and on behalf of the United States of America and the State of Florida filed a complaint ("Complaint") the Defendants alleging they violated 31 U.S.C. section 3729 et. seq. ("FCA") and Florida Statutes sections 68.082 et. seq. ("FFCA"), styled as United States of America and the State of Florida, ex. rel. Vincent Napoli, Unha Sin and Unjen Sin, Plaintiffs, v. Premier Hospitalists, PL; Primed Billing, LLC; and Manish Sharma.DO, Individually, Defendants. Case No.:8:14-cv-2952-T-33TBM, United States District Court, Middle District of Florida, Tampa Division. ("Action"). The United States of America and the State of Florida did not intervene in the Action.

B. The Defendants expressly deny the allegations of the Complaint, as amended, vigorously assert that they engaged in no wrongful conduct, and this Settlement Agreement is not an admission of facts or liability. Moreover, this Settlement Agreement, its execution, or the performance of any obligations under this Settlement Agreement, including any payment, or the fact of settlement are not intended to be, or shall be understood as an admission of liability or wrongful conduct by the Defendants.

C. To avoid the expense of further litigation and without a defined ability to recover its attorney fees and costs, the Defendants have agreed to settle what they believe to be a meritless Action on the terms and conditions set out below so that all claims may be fully and forever resolved through the effective date of this Settlement Agreement or dismissal of the Action with prejudice by the Court, whichever is later.

NOW THEREFORE, in consideration of the above recitals and the mutual terms and conditions contained in this Settlement Agreement, the parties agree to the following terms and conditions as a full and final settlement.

## TERMS

1. **PAYMENT TO THE UNITED STATES of AMERICA, State of Florida, Vincent Napoli, Unha Sin, Unja Sin, and Mitchell Feldman Esq. P.A.** In consideration of the dismissal of this Action with prejudice as to the Relators and Defendants, and release of the Defendants in Paragraph 2 below, the Confidentiality provided for in Paragraph 4 below, Non-Disparagement provided for in Paragraph 5 below, and other provisions provided for herein, and other good and valuable consideration exchanged between the parties to this Settlement Agreement, the Defendants, Premier and Sharma, agree to pay to the United States of America and the State of Florida, collectively, the total sum of One Hundred Thirty Six Thousand and 00/100 Dollars

Page 1 of 8


EXHIBIT "A"

($136,000.00). Premier and Sharma shall pay, collectively, One Hundred Nineteen Thousand Three Hundred Seventy-Eight Dollars and Eight Cents ($119,378.08) to the United States and Sixteen Thousand Six Hundred Twenty-One Dollars and Ninety-Two Cents ($16,621.92) to the State of Florida. These payments are intended by the parties to only be compensatory and not a fine or penalty. Payment will be made pursuant to the instructions of the United States Attorney's Office for the Middle District of Florida and the State of Florida within twenty-one (21) days after the Court dismisses this Action with prejudice as to the Relators and Defendants or closes the Action conditioned upon a dismissal of the Action with prejudice as to the Relators and Defendants. A separate agreement between the United States of America, the State of Florida, and the Relators will determine what portion of those funds will be paid to Vincent Napoli, Unha Sin, and Unja Sin, as relators. In addition, Primed agrees to pay the sum of Thirty Thousand Dollars and No Cents ($30,000.00) and Premier agrees to pay the sum of Sixteen Thousand Five Hundred Dollars ($16,500.00) to Mitchell Feldman, Esq., P.A., for attorney's fees and costs within 14 days of the Court dismissing the Action with prejudice or closing the Action conditioned upon a dismissal with prejudice as to the Relators and Defendants.

2. **RELEASE OF THE DEFENDANTS.** In consideration of the payment described in paragraph 1 hereof, and other consideration exchanged , the receipt and sufficiency of which is hereby acknowledged, Vincent Napoli, Unha Sin, and Unjen Sin, individually, each for themselves, and for their heirs, personal representatives, attorneys, and assigns (collectively referred to as the "Releasing Parties"), do hereby release and fully discharge the Defendants, as well as any heir, spouse, employee, agent, representative, or attorneys, and any parent, subsidiary, affiliate companies, corporations, entities, predecessors, successors, officers, employees, shareholders, members, directors, agents, or attorneys of the entities (collectively, the "Released Party") of and from any and all claims, demands, actions, and claims for monetary damages or other relief of whatsoever kind or nature, whether in law or in equity, which any of the Releasing Parties may now have or may claim to have against the Released Party, whether known to them, arising out of, caused by or in any way related to this Action or any alleged facts, relationships, transactions or occurrences as described in the Complaint, as amended, filed in the Action, or as detailed in this Settlement Agreement, as well as any and all other claims for relief of whatsoever kind or nature, which were asserted, or which might have been asserted by any of the Releasing Parties in the Action or any other action which was or could have been made against any Released Party; provided that the release provided for herein does not release and the foregoing does not apply to any claims arising out of the Released Party's obligations under this Settlement Agreement. Notwithstanding the foregoing, this Settlement Agreement does not release the Defendants from any liability to the United States of America or the State of Florida.

A: **RELEASE OF RELATORS:** Defendants herein release any and all claims, causes of actions, claims, obligations, demands, claims for monetary damages or other relief of whatever kind or nature, in law or in equity, whether known to the Defendants or which might have been asserted against the Relators in this or any other action as of the time of this release against any of the Relators (Vincent Napoli, Unjen Sin and Uhna Sin). Notwithstanding the foregoing, this Settlement Agreement does not release the Relators from any liability to the United States of America or the State of Florida.

3. **DISMISSAL OF LITIGATION.** In consideration of the payment described in paragraph 1 hereof, and other consideration exchanged, the receipt and sufficiency of which is hereby acknowledged, the Action will be dismissed with prejudice as to the Relators and Defendants and without prejudice as to the United States of America and the State of Florida.

4. **CONFIDENTIALITY.** In further consideration of the above-described agreements and releases provided for hereunder and without limitation of any of the foregoing terms, except for seeking Court or government approval of the Settlement Agreement or enforcement of this Settlement Agreement or as otherwise permitted herein, the parties hereto and their attorneys agree to maintain the terms and conditions of this Settlement Agreement in strict confidence, and to refrain from disclosing any of the terms of the settlement described herein and the terms and conditions of this Settlement Agreement except: (i) to the extent believed necessary to respond to a lawful order or subpoena from a court of competent jurisdiction or a bona fide government regulatory body; (ii) to the extent necessary to comply with any applicable contracts of insurance (and in connection with any proceedings therewith); (iii) in connection with the submission of Federal or state income tax returns or as may be required by governmental taxing authorities; or (iv) to *bona fide* tax advisors, attorneys or similar professionals, provided, however, that such tax advisors, attorneys or similar professionals must also agree to maintain the confidentiality of the terms and conditions of this Settlement Agreement. Notwithstanding the foregoing, this Settlement Agreement does not prohibit the United States of America or the State of Florida from disclosing this Settlement Agreement as required by applicable federal and state law.

5. **NON-DISPARAGEMENT.** In specific consideration of the payments described in Paragraph 1 above, and in addition thereto and without limitation of any of the foregoing terms, the Releasing Parties and the Defendants agree that they will not make, authorize others to make, or encourage others to make, on their behalf, any public comment or statement whatsoever regarding the Action, this Settlement Agreement, or anything related thereto, and further, shall not, in any way or to any person, or by any method, disparage or denigrate or derogate each other. Premier Hospitalist, PI shall provide only the dates of employment for Vincent Napoli, Unha Sin and Unjen Sin, if such information is requested for a "job reference". Failure of the Releasing Parties to abide by this non-disparagement agreement shall result in the forfeiture of the payments described in Paragraph 1 above, and entitle the Released Party to recover from the Releasing Parties an amount equal to those payments, as well as all of its legal fees and costs incurred in connection with the action and this Settlement Agreement. Vincent Napoli, Unha Sin and Unjen Sin represent and acknowledge that they are not aware of facts, actions or omissions, other than those alleged in the Complaint as amended, that evidence or establish any claims or causes of action under federal or state common law or statute regarding any false claims, whistleblower claims or qui tam claims.

6. **AUTHORSHIP.** Each of the parties hereto have jointly participated in the negotiation and drafting of this Settlement Agreement. In the event that an ambiguity or question of intent or interpretation arises, this Settlement Agreement shall be construed as if drafted jointly by each of the parties hereto and no presumptions or burdens of proof shall arise favoring any party by virtue of the authorship of any of the provisions of this Settlement Agreement.

7. **BENEFIT AND BINDING EFFECT.** This Settlement Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors, beneficiaries, and assigns.

8. **NO ADMISSION OF LIABILITY.** It is distinctly understood and agreed that the payments, agreements and other consideration being exchanged hereunder is being made or exchanged for the sole purpose of effecting a compromise settlement of disputed claims, and, that in making these settlement payments, the Defendants have not admitted, nor do they now admit, any liability for any claim that was raised or could have been raised in this action.

9. **ENTIRE AGREEMENT.** This Settlement Agreement represents the entire understanding and agreement with respect to the subject matter hereof. This Settlement Agreement cannot be amended, supplemented, or changed except by an agreement in writing that makes specific reference to this Settlement Agreement and which is signed by the party against which enforcement of any such amendment, supplement or modification is sought.

10. **GOVERNING LAW/ENFORCEMENT OF TERMS.** This Settlement Agreement shall be construed under the laws of the State of Florida. In the event it becomes necessary for any party to seek legal means to enforce the terms of this Settlement Agreement or remedy a breach thereof by one of the other parties, the non-prevailing party shall be liable to the prevailing party for all reasonable attorneys' fees incurred in connection therewith, as well as all other costs and expenses associated with such legal action.

11. **COUNTERPART EXECUTION.** This Settlement Agreement may be executed in counterparts, each of which will be deemed an original document, but all of which will constitute but a single document.

12. **INCORPORATION OF RECITALS.** The parties hereby acknowledge the accuracy of the Recitals hereto and incorporate them into the terms of this Settlement Agreement.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, the undersigned parties, and/or their authorized representatives, after full and complete consultation with legal counsel of their own choosing, and fully intending to be bound by the terms and conditions set forth therein, have duly executed this Settlement Agreement, to be effective as of the day and year first written above.

Dated:_____

**PREMIER HOSPITALISTS, PL**

Verified by PDFfiller
06/12/2017

By: *[signature]*
Name: Manish Sharma, Do
Title: Premier Hospitalist CEO & President

STATE OF FLORIDA
COUNTY OF Pasco

The foregoing instrument was acknowledged before me this 12 day of June, 2017, by Manish Sharma, DO, a representative of PREMIER HOSPITALISTS, PL, who is authorized to execute this Settlement Agreement on behalf of said entity and who is **personally known** to me or who has produced _____ as identification.

Marlene E. Pack
(Signature of Notary Public)
Marlene E. Pack
(Print, Type or Stamp Commissioned Name of Notary Public)

MARLENE E PACK
MY COMMISSION #FF158057
EXPIRES September 8, 2018
(407) 398-0153    FloridaNotaryService.com

**SIGNATURES CONTINUE ON NEXT PAGE**

Dated: 5/25/2017

PRIMED BILLING, LLC

By: /s/ RBhatt
Name: RUCHIR BHATT
Title: CHIEF OF OPERATIONS

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

The foregoing instrument was acknowledged before me this 25th day of May, 2017, by RUCHIR BHATT, a representative of PRIMED BILLING, LLC, who is authorized to execute this Settlement Agreement on behalf of said entity and who is personally known to me or who has produced Driver License as identification.
D300-738-861-450

_____
(Signature of Notary Public)
Samantha Cornell
(Print, Type or Stamp Commissioned Name of Notary Public)

SAMANTHA CORNELL
Notary Public, State of Florida
Commission# FF 203437
My comm. expires Feb. 25, 2019

Dated: _____   By: /s/ MS
MANISH SHARMA, DO

STATE OF Florida
COUNTY OF Pasco

The foregoing Settlement Agreement was executed before me this 6/17 day of May, 2017, by MANISH SHARMA, DO, who is personally known to me or has produced _____ as identification.

MARLENE E PACK
MY COMMISSION #FF158057
EXPIRES September 8, 2018
(407) 398-0153    FloridaNotaryService.com

Marlene E Pack
(Signature of Notary Public)
Marlene E. Pack
(Print, Type or Stamp Commissioned Name of Notary Public)

**SIGNATURES CONTINUE ON NEXT PAGE**

Dated: 5/19/2017    By: _____
                          **VINCENT NAPOLI**, individually, and on behalf of the
                          United States of America and the State of Florida

STATE OF FLORIDA
COUNTY OF PASCO

The foregoing Settlement Agreement was executed before me this 23 day of May, 2017, by VINCENT NAPOLI, who is personally known to me or has produced FL Drivers License as identification.

_____
(Signature of Notary Public)
Eileen Ginter
(Print, Type or Stamp Commissioned
Name of Notary Public)

Dated: May 23ed, 2017    By: _____
                              **UNHA SIN**, individually, and on behalf of the United
                              States of America and the State of Florida

STATE OF FLORIDA
COUNTY OF PASCO

The foregoing Settlement Agreement was executed before me this 23 day of May, 2017, by UNHA SIN, who is personally known to me or has produced FL Drivers License as identification.

_____
(Signature of Notary Public)
Eileen Ginter
(Print, Type or Stamp Commissioned
Name of Notary Public)

**SIGNATURES CONTINUE ON NEXT PAGE**

Dated: 5/24/17    By: _____
UNJEN SIN, individually, and on behalf of the United States of America and the State of Florida

STATE OF FLORIDA
COUNTY OF PASCO

The foregoing Settlement Agreement was executed before me this 24th day of May, 2017, by UNJEN SIN, who is personally known to me or has produced ___FL DL___ as identification.

_____
(Signature of Notary Public)

BHARTI BHOJANI
(Print, Type or Stamp Commissioned Name of Notary Public)

Bharti Bhojani
State of Florida
My Commission Expires 12/30/2018
Commission No. FF 186510

**[END OF DOCUMENT]**

4036884_1